

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

July 18, 1962

Honorable Glendon Roberts
County Attorney
Bandera County
P. O. Box 446
Bandera, Texas

Opinion No. WW-1386

Re: Whether independent can-
didates for the office of
County Tax Assessor-
Collector of Bandera County,
which county has less than
10,000 inhabitants, and
which separate office of
Tax Assessor-Collector has
been created by special
election under Art. 1903,
V.C.S., must comply with
Sec. 3, Art. 13.47a, Elec-
tion Code, providing for
an affidavit of intention
to run.

Dear Mr. Roberts:

Your letter requesting an opinion reads in part as follows:

"The Commissioners Court of Bandera
County, Texas, called a special elec-
tion for May 5, 1962, for the purpose
of submitting to the qualified property
tax paying voters of such county the
question of adding an Assessor-Collector
of Taxes to the list of authorized county
officials. At such election the majority
of the property tax paying voters voted
in favor of adding such Assessor-Collector
of Taxes to the list of authorized county
officials."

Prior to the special election in Bandera County, held on
May 5, 1962, the Sheriff of Bandera County was ex-officio Tax
Assessor-Collector, as provided by Section 16, Art. VIII, Texas
Constitution. As authorized by Sec. 16a, Art. VIII of such
Constitution, the Commissioners Court called the special elec-
tion of May 5, 1962, which resulted in the separation of the
offices of Sheriff and Tax Assessor-Collector. This office
held in Opinion No. WW-1292 that whoever was elected as Tax
Assessor-Collector of Bandera County at the General Election
of November, 1962, would only serve until December 31, 1964,
and the Tax Assessor-Collector of Bandera County elected at

the General Election of November, 1964, and thereafter, would
serve for full four year terms.  The separate office of Tax
Assessor-Collector of Bandera County did not come into existence
until after the votes were canvassed for the special election
of May 5, 1962.  Certain candidates for the office are running
as independent candidates by petition as provided for in Articles
13.50 to 13.53, inclusive, Election Code.  These candidates
were unable to comply with Sec. 3, Art. 13.47a, Election Code,
which provides for independent candidates to file an affidavit
of intention to run as independent candidates with the County
Judge on or before the first Monday in February of the election
year, since the separate office of Tax Assessor-Collector of
Bandera County did not exist on the first Monday of February,
1962.

You have asked the following question:

"The question arises as to whether or
not the proposed candidates can have their
names printed on the official ballot as
independent candidates for said office for
the general election?"

This office recently held in Opinion No. WW-1377 that where
a county or precinct office is to be filled at the General Elec-
tion for a full four year term, an independent candidate must
have filed his affidavit of intention to run for such office
with the County Judge on or before the first Monday in February
of the election year, in order to have his name printed on the
General Election ballot, as required by Sec. 3, Art. 13.47a,
Election Code.  But Sec. 3, Art. 13.47a, Election Code provides
for such affidavit to be filed on or before the first Monday
in February of the election year only in those cases where it
is known at that time that there is an office to be filled by
the voters at the next General Election for a full term.  Sec.
4, Art. 13.47a, Election Code provides that in elections to
fill unexpired terms, the affidavit will not be required unless
the vacancy in office occurred prior to the tenth day preceding
the first day of February in the election year.

Obviously, neither Sec. 3 nor Sec. 4 of Art. 13.47a, Elec-
tion Code is applicable to your situation.  On the first Monday
in February of the present election year (February 5, 1962) the
separate office of Tax Assessor-Collector of Bandera County did
not even exist, and no one could predict whether or not the
Commissioners Court would call such an election, or if held,
what the outcome would be.  Such office did not come into exis-
tence until the votes were canvassed after the special election
was held on May 5, 1962.  We hold, therefore, that independent

candidates for the office of Tax Assessor-Collector of Bandera County may have their names printed on the ballot for the General Election of November, 1962, by complying with the provisions of Arts. 13.50 to 13.53, inclusive, Election Code, governing the filing of independent candidates, plus the requirements of Art. 6.02, Election Code, which requires a loyalty affidavit from any and all candidates.

<u>S U M M A R Y</u>

Sec. 3, Art. 13.47a, Election Code, which requires an affidavit of intention to run to be filed by independent candidates on or before the first Monday in February of the election year, is not applicable to independent candidates in the General Election to fill the separate office of County Tax Assessor-Collector, which office was created by special election held in May of the election year in a county with less than 10,000 inhabitants, under the provisions of Art. 1903, V.C.S., since the separate office of Tax Assessor-Collector did not exist in such county on the first Monday in February of the election year, in order for independent candidates to declare their intention to run therefor.

Independent candidates for the office of County Tax Assessor-Collector of Bandera County may have their names printed on the ballot for the General Election of November, 1962, by complying with the provisions of Arts. 13.50 to 13.53, inclusive, Election Code, governing the filing of independent candidates, plus the requirements of Art. 6.02, Election Code, which requires a loyalty affidavit from any and all candidates.

Yours very truly,

WILL WILSON
Attorney General of Texas

By     *Riley Eugene Fletcher*

Riley Eugene Fletcher
Assistant

REF:rk

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Robert Lewis
W. O. Shultz
Coleman Gay

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Leonard Passmore